

# Fourth Court of Appeals

## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-25-00341-CR

Roland **LOPEZ**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 399th Judicial District Court, Bexar County, Texas
Trial Court No. 2025CR003340
Honorable Frank J. Castro, Judge Presiding

Opinion by:     Velia J. Meza, Justice

Sitting:          Irene Rios, Justice
                   Lori I. Valenzuela, Justice
                   Velia J. Meza, Justice

Delivered and Filed: July 29, 2026

AFFIRMED

A jury convicted appellant, Ronald Lopez, of unlawful possession of a weapon, which is codified as a second-degree felony based on his status as a convicted felon. TEX. PENAL CODE § 46.02(a-7). On appeal, Lopez challenges the sufficiency of the evidence supporting his conviction. Because we find the evidence legally sufficient to support Lopez's conviction, we affirm.

**BACKGROUND**

On December 29, 2024, Officer Jose Lopez with the San Antonio Police Department, noticed a "disturbance between two people" in front of a residence while out on patrol on Oak Hill Road. Concerned, Officer Lopez made contact with Lopez—who looked "upset, worried" and "was making movements with his hands"—by approaching him in his vehicle and asking him what was going on. In response, Lopez stated that he was "asking him if it was okay if [he went] through the dumpster." However, the officer was suspicious of how Lopez approached the passenger side of his patrol vehicle and immediately positioned his hands outside of his view. And having previously observed that Lopez was carrying a black bag, the officer suspected that Lopez was attempting to conceal a weapon from him. Consequently, the officer ordered Lopez to get in front of his patrol vehicle. Rather than complying, Lopez fled.

Officer Jeremiah Cardenas—who was also patrolling the area—was flagged down by a resident of 2011 Oak Hill Road. While it is unclear how Officer Cardenas made contact with Lopez, what is clear is that upon making contact, Lopez fled from Officer Cardenas, who witnessed him jump several fences and run through several backyards to evade him. Unable to catch Lopez, Officer Cardenas radioed responding officers "to go to the next street over . . . because he was jumping fences toward the other street." Thereafter, Officer Jose Briones found Lopez in the backyard of a residence and apprehended him. At the same time, Officer Cardenas began searching backyards for evidence, when he came across the jacket and backpack Lopez was seen carrying. Inside the backpack was a 9mm handgun.

A grand jury subsequently indicted Lopez in 2025. *See* TEX. PENAL CODE § 46.02(a-7), (e)(1). A two-day trial commenced on May 20, 2025, and concluded on May 27, 2025. At trial, the State presented testimony from several witnesses, including the officers who were on scene

and an expert in fingerprint matching to establish Lopez's prior felony conviction. At the conclusion of trial, the jury found Lopez guilty of the charged offense, and the trial court assessed Lopez's punishment at ten years in the Texas Department of Criminal Justice Institutional Division. This appeal followed.

## DISCUSSION

On appeal, Lopez asserts that the evidence was insufficient to support his conviction because the State failed to prove the requisite mens rea, establish his prior felony conviction, or establish that he was prohibited from possessing a handgun. We disagree.

### 1. Standard of Review

Under *Jackson v. Virginia*, we review "the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt." *Carrizales v. State*, 414 S.W.3d 737, 742 (Tex. Crim. App. 2013) (citing *Jackson*, 443 U.S. 307, 319 (1979)). Direct evidence is not necessary to prove the defendant's guilt; instead, circumstantial evidence alone can be sufficient to establish guilt and is just as probative as direct evidence. *Id.* Because this standard recognizes the trier of fact as the sole judge of the weight and credibility of the evidence, we determine whether their drawn inferences are reasonable based on the cumulative force of all of the evidence. *Adames v. State*, 353 S.W.3d 854, 860 (Tex. Crim. App. 2011).

Before examining the sufficiency of the admitted evidence, we must first determine the essential elements of the offense. *See Curry v. State*, 622 S.W.3d 302, 310 (Tex. Crim. App. 2019) (construing the meaning of "accident" before reviewing the evidence). The essential elements are determined by the "hypothetically-correct jury charge." *Herron v. State*, 625 S.W.3d 144, 152 (Tex. Crim. App. 2021). "The hypothetically-correct jury charge is one that accurately sets out the

law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried." *Id.*

Here, the indictment against Lopez charged him as follows:

> On or about December 29, 2024, ROLAND LOPEZ did intentionally, knowingly, and recklessly carry a handgun on or about his own person, and the defendant was not on the defendant's own premises or premises that were under the defendant's own control, and the defendant was not inside of or directly en route to a motor vehicle or watercraft that was owned by the defendant or under the defendant s control, and the defendant was prohibited from possessing a firearm under Section 46.04(a) of the Texas Penal Code, in that at the time of the commission of the charged offense, the defendant had been previously convicted of [a] felony . . . and the defendant's possession of the firearm occurred after the fifth anniversary of the defendant's release from confinement following conviction of the felony, and the defendant possessed the firearm at . . . a location other than the premises at which the defendant lived.

Based on this indictment, the essential elements under the hypothetically-correct jury charge required the State to prove that Lopez (1) intentionally, knowingly, or recklessly carried on or about his person a handgun, (2) while not on his own premises or premises under his control or inside of or directly en route to a motor vehicle that he owns or is under his control, and (3) at the time of the offense, was prohibited from possessing a firearm under section 46.04(a)(2) of the Texas Penal Code. TEX. PENAL CODE § 46.02(a-7). Section 46.04(a)(2) provides that convicted felons are prohibited from possessing firearms after the fifth anniversary of their release at any location other than the premises at which they live. *Id.* § 46.04(a)(2).

- 4 -

2. <u>Mens Rea</u>

Lopez maintains that the evidence presented was insufficient to support the jury's finding that he had "intentionally, knowingly, or recklessly" carried a handgun on or about his person. *Id.* § 46.02(a-7)(1).

In this case, the State introduced Lopez's recorded custodial interrogation which took place immediately after his arrest. During his interview, Lopez confessed that he knew the backpack contained the handgun. *Contra Romano v. State*, 610 S.W.3d 30, 35 (Tex. Crim. App. 2020) (holding that absent a confession, we cannot read an accused's mind and must infer his mental state from his acts, words, and conduct). Additionally, the testimony and dash camera footage admitted at trial established that Lopez—upon being confronted by Officer Lopez—attempted to conceal the backpack from Officer Lopez's line of sight. And both Officer Lopez and Officer Cardenas testified that Lopez fled from them upon making contact.[1]

Consequently, the evidence presented was sufficient to support the jury's finding that Lopez had the requisite mens rea under section 46.02. TEX. PENAL CODE § 46.02(a-7)(1).

3. <u>Lopez's Prior Conviction</u>

Lopez next argues that the evidence was insufficient to prove he was previously convicted of a felony. Specifically, he challenges the probative value of the State's fingerprint expert based on her failure to provide any reasoning as to how she matched Lopez's fingerprints. We disagree.

The State was required to prove, beyond a reasonable doubt, that (1) there was a previous conviction, and (2) Lopez was the person convicted. *Flowers v. State*, 220 S.W.3d 919, 923 (Tex. Crim. App. 2007); TEX. PENAL CODE §§ 46.02(a-7)(3), 46.04(a). The Court of Criminal Appeals

---

[1] While flight alone is not sufficient evidence to support a conviction, the Court of Criminal Appeals has "repeatedly held that flight is evidence of circumstances from which an inference of guilt may be drawn." *Colella v. State*, 915 S.W.2d 834, 839 n.7 (Tex. Crim. App. 1995).

has long held that "the evidence linking a defendant to a prior conviction may be circumstantial, and the State may prove it in a number of different ways." *Ex parte Rodgers*, 598 S.W.3d 262, 269 (Tex. Crim. App. 2020) (citation modified). Ordinarily, the evidence used to establish a prior conviction "closely resembles pieces of a jigsaw puzzle." *Human v. State*, 749 S.W.2d 832, 836 (Tex. Crim. App. 1988). In isolation, these pieces have little meaning; however, if the evidence allows the factfinder to complete the puzzle—which depicts the defendant as the person convicted of the prior felony—then the evidence is deemed sufficient. *Flowers*, 220 S.W.3d at 923.

Here, the State called Mia Valdez, a fingerprint examiner for the Bexar County Sheriff's Office, to prove Lopez was previously convicted of a felony. Valdez testified about her qualifications in conducting fingerprint comparisons and how the ridge characteristics of fingerprints are used to identify individuals. She then stated that she took Lopez's fingerprints and identified the ink print card, marked State's Exhibit 20, as containing those prints. A "drop card" associated with Lopez's 2017 arrest for burglary of a habitation was admitted and marked as State's Exhibit 19. This drop card contained information relevant to Lopez's arrest, such as his personal identifying information, the cause number associated with the charged offense, and his fingerprints. Valdez testified that she was able to match Lopez's fingerprints from the drop card to the fingerprints she took by identifying 12 ridge characteristics. Valdez further testified that State's Exhibit 18—the certified copy of the judgment from Lopez's prior felony conviction—was associated with the charges stemming from the drop card. Additionally, the cause number listed in Lopez's drop card is identical to the judgment of conviction.

Although Lopez insists the evidence is insufficient due to Valdez's failure to detail the specific characteristics she identified when matching the fingerprints, Rule 705 provides that an "expert may state an opinion without first testifying to the underlying facts or data supporting the

opinion." TEX. R. EVID. 705(a). Thus, the disclosure of this underlying fact or data may be required on cross-examination or voir dire examination. *Id.* 705(a), (b); *see also Phillips v. State*, 651 S.W.3d 677, 686–88 (Tex. App.—Fort Worth 2022) *pet. dism'd, improvidently granted*, 677 S.W.3d 926 (Tex. Crim. App. 2023) (holding that fingerprint expert's testimony that they observed 10 to 12 points of comparison without any detail as to what those characteristics were was not conclusory). Lopez also complains that the fingerprints in State's Exhibit 19 were "so faded as to be near indistinguishable." However, this argument attacks the weight and credibility of the evidence, on which we defer to the fact finder and refuse to substitute for our own judgment. *Lowdins v. State*, 728 S.W.3d 276, 280 (Tex. App.—Houston [14th Dist.] 2025, no pet.).

### 4. Prohibited from Possessing Handgun

Lastly, Lopez argues that the State's failure to adduce evidence relating to the date of his release from confinement or that he did not own, control, or live on the properties he traversed through renders the evidence legally insufficient. We disagree.

We first note that the hypothetically-correct jury charge required no evidence of Lopez's date of release from confinement. The Court of Criminal Appeals—when tasked with interpreting the unlawful possession of a firearm statute—made clear that section 46.04(a) "prohibited all felons from possessing weapons at any time at all places away from their residence, no matter how much time has passed from the date of their release from confinement or supervision." *State v. Mason*, 980 S.W.2d 635, 639 (Tex. Crim. App. 1998). Accordingly, evidence of Lopez's release from confinement was unnecessary in this case. *Id.* at 642 (Keller, J., concurring). The State, however, was still required to produce sufficient evidence that Lopez possessed the handgun away from premises he owned, controlled, or lived at, or that he was not inside of or directly en route to his motor vehicle or watercraft. TEX. PENAL CODE §§ 46.02(a-7), 46.04(a)(2).

At trial, Officer Lopez testified that he first observed Lopez standing on the sidewalk carrying the backpack containing the handgun. His dash cam footage also depicted Lopez standing on the side of the road. Additionally, Lopez admitted during his custodial interrogation that after retrieving the backpack containing the firearm from a dumpster, he "walked across the street when [Officer Lopez] pulled up on [him]." His explanation for crossing the street was to "bring [a man] all th[e] stuff" he found in the dumpster.

Because Lopez cannot own, control, or maintain a legal residence on the surface of a public street, he was restricted from possessing the handgun there. *Bradley v. State*, 655 S.W.2d 256, 259 (Tex. App.—Corpus Christi–Edinburg 1983, no pet.). Further, Lopez's own admission established that he was not directly en route to a motor vehicle. Consequently, the evidence was sufficient to support the jury's findings. Lopez's sole issue on appeal is overruled.

**CONCLUSION**

The judgment of the trial court is affirmed.

Velia J. Meza, Justice

DO NOT PUBLISH